IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CALVERT A. WILLIAMSON, <br><br> Plaintiff, <br><br> vs. <br><br> EFLEDA SALOME BASCO, <br><br> Defendant, <br><br> and <br><br> LYNNE JENKINS MCGIVERN and ASHFORD & WRISTON, <br><br> Defendants, <br><br> and <br><br> GOVERNOR LINDA LINGLE AND THE STATE OF HAWAII; DIRECTOR STATE OF HAWAII DEPARTMENT OF THE ATTORNEY GENERAL CHILD SUPPORT ENFORCEMENT AGENCY; DIRECTOR DEPARTMENT OF HUMAN SERVICES CHILD PROTECTIVE SERVICE; ROBERT ASATO; STATE OF HAWAII FAMILY COURT OF THE FIRST CIRCUIT; JUDGE R. MARK BROWNING; JUDGE BODE AMILALE UALE; JUDGE KAREN RADIUS; AND JUDGE ALLENE R. SUEMORI, <br><br> Defendants. | CIV. NO. 06-00012 JMS/LEK |

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTIONS TO DISMISS AND
GRANTING LEAVE TO AMEND

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTIONS TO DISMISS AND GRANTING LEAVE TO AMEND

I.  INTRODUCTION

On January 10, 2006, Plaintiff Calvert A. Williamson filed a Complaint for Declaratory Relief against Efleda Salome Basco, Lynne Jenkins McGivern and the law firm of Ashford & Wriston, and various State entities and employees, including the State of Hawaii, Governor Linda Lingle, the Director of the State of Hawaii Department of the Attorney General Child Support Enforcement Agency, the Director of the State of Hawaii Department of Human Services Child Protective Services, Robert Asato (an employee of the state court system), the Family Court of the First Circuit, and various State of Hawaii judges ("State Defendants").  All the Defendants have filed motions to dismiss.  The court GRANTS IN PART and DENIES IN PART the Defendants' motions.  In short, the court concludes as follows:  (1) all of Williamson's claims against Efleda Salome Basco are DISMISSED; (2) all of Williamson's claims against Lynne Jenkins McGivern and the law firm of Ashford & Wriston are DISMISSED; (3) all of

Williamson's claims against the various State of Hawaii judges are DISMISSED; (4) Williamson's claims for declaratory relief as set forth in Counts I and II of his Complaint are NOT DISMISSED; (5) Counts III and IV of Williamson's Complaint are DISMISSED; and (6) Williamson is granted leave to file an amended complaint.

## II.  BACKGROUND

On August 23, 2005, the State of Hawaii Family Court of the First Circuit entered a Decree Granting Absolute Divorce and Awarding Child Custody relating to the divorce of Williamson and Defendant Basco.  During the divorce proceedings, Defendant Basco was represented by Lynn Jenkins McGivern of the Honolulu law firm of Ashford & Wriston.

On January 10, 2006, Williamson filed his Complaint with this court. He asserts, in vague and conclusory terms, that the Defendants conspired to deprive him of his constitutional and statutory rights.  He appears upset over the conclusions reached by the Family Court in deciding child custody and support, and asks for "immediate restoration to equal custodial status" and "abolishment of the Decree Awarding Child Custody and all of the component[s] therein relating to custody, visitation, school work," in addition to an award of $50 million plus interest and litigation expenses.

On February 2, 2006, defendant State of Hawaii Family Court of the First Circuit and all named state judges filed a Motion to Dismiss, arguing that: (1) the complaint fails to state a claim upon which relief can be granted; (2) the state court judges named as defendants are entitled to immunity; and (3) this court lacks jurisdiction based on *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (collectively referred to as *Rooker-Feldman*). The remaining state defendants joined in this motion on February 15, 2006.

On February 3, 2006, defendant McGivern and Ashford & Wriston filed a Motion to Dismiss, also arguing that the complaint fails to state a claim upon which relief can be granted and that this court lacks jurisdiction pursuant to *Ankenbrandt v. Richards*, 504 U.S. 689 (1992) (discussing the domestic relations exception to federal jurisdiction). On February 6, 2006, defendant Basco filed a similar motion seeking dismissal. A hearing was held on the motions on May 8, 2006.

### III.  ANALYSIS

A.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a claim for "failure to state a claim upon which relief can be

4

granted[.]" Fed.R.Civ.P. 12(b)(6). When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). "Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss." *Id.* Under Rule 12(b)(6), a complaint should not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.*

    Williamson is appearing *pro se*; consequently, this court will liberally construe Williamson's pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (Citing *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (per curiam).)).

B. <u>Construing Williamson's Complaint liberally, Williamson has failed to state a claim against Basco, McGivern, or Ashford & Wriston</u>

Construing Williamson's Complaint liberally, Williamson has not set forth any facts to support his claims that Basco, Lynne McGivern, or Ashford & Wriston have violated his constitutional or statutory rights. Williamson's Complaint, at paragraph 11, describes defendant Basco (formerly known as Efleda Williamson), McGivern and Ashford & Wriston as parties to the case. None of these defendants is again mentioned in the Complaint, including in a section entitled "Allegations of Fact" and in the specific counts. This failure to provide *any* facts regarding the roles of these defendants leaves the Complaint facially deficient. Therefore, Williamson's claims against these defendants are hereby DISMISSED.

C.    Construing Williamson's Complaint liberally, Williamson has failed to state a claim against the Family Court judges

Williamson has brought claims against four judges of the Family Court of the First Circuit Court of the State of Hawaii: R. Mark Browning, Karen Radius, Allene Suemori, and Bode Uale. These individuals are immune from suit for actions taken in their official capacities. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . . This immunity applies even when the judge is accused of

acting maliciously and corruptly[.]"); *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) ("It is well established that state judges are entitled to absolute immunity for their judicial acts.").[1]  Williamson has not alleged any facts indicating that these judges have acted in their individual capacities to cause him harm.  Therefore, Williamson's claims against these defendants are DISMISSED.

D.   Construing Williamson's Complaint liberally, Count III of Williamson's Complaint ("Disparate Taxation") is barred by 28 U.S.C. § 1341

Count III of Williamson's Complaint, entitled "Disparate Taxation," alleges "unequal taxation treatment."  His claim appears to attack federal and state tax benefits that apply to defendant Basco (his ex-wife) but not to him.  He has not brought any claims against a federal defendant, however, and the State Tax Injunction Act, 28 U.S.C. § 1341,[2] precludes this court from considering Williamson's claims because the State of Hawaii has a "plain, speedy and efficient

---

[1] This immunity applies to any requested injunctive or declaratory relief as well as any claim for damages.  *See* 42 U.S.C. § 1983; *see also Kuhn v. Thompson*, 304 F.Supp.2d 1313, 1322-23 (M.D. Ala. 2004) ("Where a plaintiff does not allege and the record does not suggest that the judicial defendant violated a declaratory decree or that declaratory relief was unavailable, judicial immunity requires dismissal of claims against judicial officers for actions taken in their judicial capacity even when the claims seek prospective injunctive relief."); *Gilbert v. Ferry*, 298 F.Supp.2d 606, 611 (E.D. Mich. 2003) ("By enacting the 1996 Federal Courts Improvement Act . . . , Congress has expanded the ambit of judicial immunity by amending § 1983 so as to prohibit injunctive relief against a judicial officer.").

[2] 28 U.S.C. § 1341, entitled "Taxes by States," provides:  "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

remedy" for this claim.[3]  *Moore v. Kamikawa*, 940 F. Supp. 260, 263-65 (D. Haw. 1995) (concluding that the plaintiff's 42 U.S.C. § 1983 claim regarding the validity of Hawaii's general excise tax was barred by § 1341 and principles of comity); *see also Hawaiian Tel. Co. v. State Dep't of Labor and Indus. Relations*, 691 F.2d 905, 911 (9th Cir. 1982) ("[The plaintiff] has many available state remedies to challenge benefit payments to its employees and its own resulting tax rate. . . . The Hawaii remedies are plain, speedy, and efficient.").  Therefore, Count III of Williamson's Complaint is DISMISSED.

E.  <u>Construing Williamson's Complaint liberally, this court lacks jurisdiction to adjudicate Count IV (Williamson's claim for "Willful, Reckless and Negligent Government Mismanagement")</u>

Count IV of the Complaint alleges that the "Defendants have willfully, recklessly, and negligently engaged in serious mismanagement of the Plaintiff's natural children and funds. . . ."  Read liberally, this claim is a frontal attack on the decisions rendered by the Family Court; in other words, Williamson asks this court to overturn the Family Court's decision based on the Family

---

[3] The court raises this issue *sua sponte* because the State Tax Injunction Act deprives the court of subject matter jurisdiction to consider Count III of Williamson's Complaint.  *Qwest Corp. v. City of Surprise*, 434 F.3d 1176 (9th Cir. 2006) (holding that § 1341 deprived the district court of subject matter jurisdiction to invalidate a city tax); *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

Court's alleged lack of knowledge of various matters outlined in the Complaint. These claims are clearly barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 290-91 (2005); *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). Therefore, Count IV of Williamson's Complaint is DISMISSED.[4]

F.  Williamson has stated two claims (in Counts I and II) that survive the Defendants' motions

Williamson's Complaint appears to set forth two claims for declaratory relief. Count I of Williamson's Complaint appears to ask for a declaratory judgment that separated parents are constitutionally entitled to shared custody of their children. Complaint at 16. Count II of Williamson's Complaint appears to ask for a declaratory judgment that the State's decision to base child support payments on the parent's income is unconstitutional. He argues that this system is unconstitutional because parents have a fundamental right to parent their children (and thus to spend as much or as little on their children as they wish, absent clear and convincing proof of demonstrable harm); he further argues that child support orders violate the Thirteenth Amendment to the United States

---

[4] If Williamson chooses to file a first amended complaint, he must be aware that this court cannot and will not overturn the Family Court's judgment.

Constitution because these orders enslave non-custodial parents by forcing them to work. Complaint at 21, 23.

The Defendants contend that the *Rooker-Feldman* and domestic relations abstention doctrines bar all of Williamson's claims. These doctrines are not as broad as the Defendants seem to believe, however, and they do not bar Williamson's two claims for declaratory relief. *See*, *e.g.*, *Marshall v. Marshall*, No. 04-1544, ___ S.Ct. ___, 2006 WL 1131904 (May 1, 2006); *Exxon Mobil Corp.*, 544 U.S. 280 (2005); *Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003). Consequently, the court DENIES the Defendants' motion to dismiss as to the claims for declaratory relief set forth in Counts I and II.

G.  <u>Construing Williamson's Complaint liberally, Williamson fails to allege any specific facts that would demonstrate that the Defendants, individually or collectively, acted to deprive Williamson of his constitutional or statutory rights</u>

Williamson's Complaint names Governor Linda Lingle, Robert Asato, and various State agencies. To the extent that Counts I and II of Williamson's Complaint attempt to set forth claims in addition to those claims for declaratory relief set forth above, those claims are DISMISSED because Williamson fails to allege any specific facts that would demonstrate that any of

these State defendants acted to deprive Williamson of his constitutional or statutory rights.

H.  Leave to amend

Williamson is granted leave to file a first amended complaint, should he wish to proceed with more than these two claims for declaratory relief.  Should Williamson decide that he does not wish to file a first amended complaint, the State of Hawaii is also given leave to file a second motion to dismiss as to these two claims.

## IV.  CONCLUSION

For the reasons stated above, Williamson's Complaint is DISMISSED as to all Defendants except for the State of Hawaii.  All claims against the State of Hawaii are DISMISSED except the claims for declaratory relief set forth in Counts I and II of Williamson's Complaint.  The court grants Williamson leave to amend his complaint. Williamson may file an amended complaint no later than June 16, 2006; if Williamson does not file an amended complaint by that date, his case will be automatically dismissed as to all Defendants except for the State of Hawaii and as to all claims except his two claims for declaratory relief as set forth above.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 9, 2006.



                                                _____

J. Michael Seabright
United States District Judge

*Williamson v. Basco et al.*, Civil No. 06-00012 JMS/LEK; Order Granting in Part and Denying in Part Defendants' Motions to Dismiss