IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CALVERT A. WILLIAMSON, | ) | CIVIL NO.  06-00012 JMS/LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING IN PART AND |
| EFLEDA SALOME BASCO, | ) | DENYING IN PART DEFENDANTS' |
| | ) | MOTIONS TO DISMISS |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LYNNE JENKINS MCGIVERN and | ) | |
| ASHFORD & WRISTON, LLP; | ) | |
| PAUL S. AOKI, A LAW | ) | |
| CORPORATION; KIRK W. | ) | |
| CALDWELL, A LAW | ) | |
| CORPORATION; ROSEMARY T. | ) | |
| FAZIO, A LAW CORPORATION; | ) | |
| MICHAEL GIBSON, A LAW | ) | |
| CORPORATION; FRANCIS P. | ) | |
| HOGAN, A LAW CORPORATION; | ) | |
| GALEN C. K. LEONG, A LAW | ) | |
| CORPORATION; JAMES K. MEE, A | ) | |
| LAW CORPORATION; MARY BETH | ) | |
| WONG, A LAW CORPORATION; | ) | |
| ROBERT BRUCE GRAHAM, JR., A | ) | |
| LAW CORPORATION; CUYLER | ) | |
| SHAW, A LAW CORPORATION; | ) | |
| KEVIN W. HERRING, A LAW | ) | |
| CORPORATION; AARON | ) | |
| SHUMWAY, A LAW | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

and                                    )
                                       )
GOVERNOR LINDA LINGLE AND              )
THE STATE OF HAWAII;                   )
DIRECTOR STATE OF HAWAII               )
DEPARTMENT OF THE ATTORNEY             )
GENERAL CHILD SUPPORT                  )
ENFORCEMENT AGENCY;                    )
ATTORNEY GENERAL MARK J.               )
BENNETT; ARNOLD S. ENOKI, AND          )
UNNAMED AGENTS;  DIRECTOR,             )
DEPARTMENT OF HUMAN                    )
SERVICES CHILD PROTECTIVE              )
SERVICE; ROBERT ASATO; STATE           )
OF HAWAII FAMILY COURT OF              )
THE FIRST CIRCUIT; JUDGE R.            )
MARK BROWNING; JUDGE BODE              )
AMILALE UALE; JUDGE KAREN              )
RADIUS; AND JUDGE ALLENE R.            )
SUEMORI,                               )
                  Defendants.          )
_____      )
                                       )

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

## I.  INTRODUCTION

On June 16, 2006, Plaintiff Calvert A. Williamson filed a First

Amended Complaint for Damages against the following:  Efleda Salome Basco;

Lynne Jenkins McGivern; the law firm of Ashford & Wriston, LLP; Ashford &

Wriston attorneys Paul S. Aoki, Kirk W. Caldwell, Rosemary T. Fazio, Michael

2

Gibson, Francis P. Hogan, Galen C. K. Leong, James K. Mee, Wayne Nasser, Mary Beth Wong, Robert Bruce Graham, Jr., Cuyler Shaw, Kevin W. Herring, and Aaron Shumway (collectively "A&W Defendants"); and various State entities and employees, including the State of Hawaii, Governor Linda Lingle, the Director of the State of Hawaii Department of the Attorney General Child Support Enforcement Agency, Attorney General Mark J. Bennett, the Director of the State of Hawaii Department of Human Services Child Protective Services, Arnold S. Enoki and Unnamed Agents, Robert Asato, the Family Court of the First Circuit, and various State of Hawaii judges ("State Defendants").  All of the Defendants have filed motions to dismiss.  A hearing on the matter was held on September 18, 2006.

The court GRANTS IN PART and DENIES IN PART the Defendants' motions.  In short, the court concludes as follows:  (1) Williamson's claims against the various State of Hawaii judges are DISMISSED without leave to amend; (2) Williamson's claims against Ashford & Wriston, LLP and the A&W Defendants are DISMISSED without leave to amend; (3) Williamson's federal and state law claims for damages as set forth in Counts I through XIV are DISMISSED.  The only claims that survive are Counts I and II to the extent they

state a claim for prospective relief.  Williamson is again granted leave to file an

amended complaint as permitted in this Order.

## II. BACKGROUND

A.    Procedural Background

On August 23, 2005, the State of Hawaii Family Court of the First

Circuit entered a Decree Granting Absolute Divorce and Awarding Child Custody

relating to the divorce of Calvert A. Williamson ("Williamson") and Defendant

Efleda Salome Basco ("Basco").  During the divorce proceedings, Basco was

represented by Lynn Jenkins McGivern ("McGivern") of the Honolulu law firm of

Ashford & Wriston.

On January 10, 2006, Williamson filed his Complaint for Declaratory

Relief with this court.  The instant motions represent the second round of motions

to dismiss brought by various defendants.  On May 9, 2006, the court granted in

part and denied in part Defendants' Motions to Dismiss and granted Williamson

leave to file an amended complaint.  Williamson filed his First Amended

Complaint for Damages and Demand for Jury Trial on June 16, 2006.  He names

the same parties as defendants as in the original complaint, but adds the various

A&W partners, Arnold S. Enoki and Unnamed Agents, and Attorney General Mark

Bennett as additional parties.

Williamson asserts, in vague and conclusory terms, that the various defendants conspired to deprive him of his constitutional and statutory rights.  He appears upset over the conclusions reached by the Family Court in deciding child custody and support, and he asks for "immediate restoration to equal custodial status" and "abolishment of the Decree Awarding Child Custody and all of the component[s] therein relating to custody, visitation, school work, and extracurricular [a]ctivities, reports, communication, child support, child health care, life insurance as security for support, summer and child care expenses, wife's portion of husbands worker's compensation settlement, tax matters."  First Amended Complaint, ¶155.  In addition, Williamson seeks an award of $50 million plus interest and litigation expenses.  Finally, Williamson seeks injunctive relief "to prevent, hinder, obstruct, or delay justice in this cause," and "appropriate remedial actions."  First Amended Complaint, ¶¶159, 151.

On June 29, 2006, the State Defendants filed two Motions to Dismiss Plaintiff's First Amended Complaint for Damages.[1]  The State Defendants argue that:  (1) the complaint fails to state a claim upon which relief can be granted; (2) the state court judges named as defendants are entitled to immunity; (3) this

---

[1] Defendants Governor Linda Lingle, State of Hawaii, Arnold S. Enoki, Department of Human Services Child Protective Services and Robert Asato filed one motion; Defendants State of Hawaii Family Court of the First Circuit, Judge R. Mark Browning, Judge Bode Amilale Uale, Judge Karen Radius and Judge Allene R. Suemori filed the other.

court lacks jurisdiction based on *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (collectively referred to as *Rooker-Feldman*); and (4) the Plaintiff's claims against the State of Hawaii are barred by sovereign immunity.[2]

On July 3, 2006, defendants Basco, McGivern, the A & W Defendants and Ashford & Wriston, LLP filed three separate motions to dismiss, also arguing that the complaint fails to state a claim upon which relief can be granted and that this court lacks jurisdiction pursuant to *Rooker-Feldman*.  Alternatively, they argue that the court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971), pending resolution of the Family Court case currently on appeal to the Hawaii Supreme Court as Appeal No. 27664.[3]  Williamson filed his opposition on August 31, 2006. On September 7, 2006, Defendants Governor Linda Lingle, State of Hawaii, Arnold S. Enoki, Department of Human Services Child Protective Services and Robert Asato filed their reply.

---

[2] The State Defendants also note that the newly named Defendants have not been properly served with summons and complaint as required by Rule 4 of the Federal Rules of Civil Procedure and that the existing parties were not served as required by Rule 5(d).  The State Defendants do not seek dismissal on these grounds, but brought the instant motions to dismiss without waiving the defenses of insufficiency of process or service of process.

[3] Ashford & Wriston, LLP and the Ashford & Wriston partners also seek dismissal based on insufficiency of process and insufficiency of service of process.  Because the court dismisses the claims against these parties on other grounds, the court will not address these arguments.

6

B.    Legal Background

   1.    **Standard of Review**

   Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a

motion to dismiss a claim for "failure to state a claim upon which relief can be

granted[.]"  Fed.R.Civ.P. 12(b)(6).  When reviewing a motion to dismiss for failure

to state a claim upon which relief can be granted, a court takes the factual

allegations in the complaint as true and construes them in the light most favorable

to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

"Conclusory allegations of law, however, are insufficient to defeat a motion to

dismiss."  *Id.*  Under Rule 12(b)(6), a complaint should not be dismissed "'unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief.'"  *Balistreri v. Pacifica Police Dep't,* 901

F.2d 696, 699 (9th Cir. 1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)).  "Dismissal can be based on the lack of a cognizable legal theory or the

absence of sufficient facts alleged under a cognizable legal theory."  *Id.*

   Williamson is appearing pro se; consequently, this court will liberally

construe Williamson's pleadings.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.

1987) ("The Supreme Court has instructed the federal courts to liberally construe

7

the 'inartful pleading' of pro se litigants."  (Citing *Boag v. MacDougall*, 454 U.S.

364, 365 (1982) (per curiam).)).

### 2.    The Eleventh Amendment and the State Defendants

The Eleventh Amendment to the United States Constitution provides:

"The Judicial power of the United States shall not be construed to extend to any

suit in law or equity, commenced or prosecuted against one of the United States by

Citizens of another State, or by Citizens or Subjects of any Foreign State."

Pursuant to the Eleventh Amendment, states cannot be sued in federal

court, whether by their own citizens or citizens of another state.  *Papasan v. Allain*,

478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890).  The Eleventh

Amendment also bars federal court actions against state agencies or

instrumentalities.  *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d

600, 603 (9th Cir. 1986).  Similarly, a suit for damages against state officials in

their official capacities constitutes a suit against the state entity itself and therefore

is barred by the Eleventh Amendment.  *Kentucky. v. Graham*, 473 U.S. 159, 166-

67 (1985).  A suit for damages against state officials in their individual capacities,

however, is not barred by the Eleventh Amendment because it seeks to hold the

state officials personally liable.  *Id.* at 165-66.

Although Williamson's prayer for relief did not explicitly request declaratory relief, he appears to seek prospective relief in the form of a judicial declaration that separated parents are constitutionally entitled to shared custody of their children (Count I) and that the State's child support system and guidelines are unconstitutional (Count II).[4]  To the extent that Williamson's First Amended Complaint and prayer for relief can be interpreted as requesting that the court declare unconstitutional these state programs, the Eleventh Amendment does not bar the action, as discussed *infra*.

### 3.      The *Rooker-Feldman* Doctrine

As a general principle, this court may not exercise appellate jurisdiction over state court decisions.  *Rooker-Feldman* provides that "a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v.*

---

[4] Williamson's First Amended Complaint consists of a series of conclusory allegations intertwined with factual allegations.  From the face of the First Amended Complaint, it is not at all clear whether Williamson even seeks prospective relief.  At the September 18 hearing, however, he stated that he is seeking declaratory relief.  To the extent that Williamson is seeking compensation from the State for alleged violations of his civil rights that occurred during the Family Court proceedings, the Eleventh Amendment bars such a claim.  *See Papasan*, 478 U.S. at 275.

*DeGrandy*, 512 U.S. 997, 1005-06 (1994)).  The *Rooker-Feldman* doctrine divests

federal district courts of jurisdiction to conduct direct reviews of state court

judgments even when a federal question is presented.  Jurisdiction is lacking even

if the state court decision is challenged as unconstitutional.  *Feldman*, 460 U.S. at

486.  Litigants who believe that a state judicial proceeding has violated their

constitutional rights must appeal that decision through their state courts and then

seek review in the Supreme Court.  *See Feldman*, 460 U.S. 482-83.

The *Rooker-Feldman* doctrine, however, does not apply to a general

constitutional challenge that does not require review of a final state court decision

in a particular case.  *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026,

1029 (9th Cir. 2001).  The distinction between a permissible general constitutional

challenge and an impermissible appeal of a state court determination may be subtle

and difficult to make.  If the federal constitutional claims presented to the district

court are "inextricably intertwined" with the state court's judgment, then a plaintiff

is essentially asking this court to review the state court's decision, which this court

may not do.  *Id*.

The "inextricably intertwined" analysis applies to defeat federal

jurisdiction only when "a plaintiff's suit in federal district court is at least in part a

forbidden de facto appeal of a state court judgment, and an issue in that federal suit

10

is 'inextricably intertwined' with an issue resolved by the state court judicial decision from which the forbidden de facto appeal is taken."  *Noel v. Hall*, 341 F.3d 1148, 1165 (9th Cir. 2003).  On the other hand, where the federal plaintiff does not complain of a legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party, *Rooker-Feldman* does not bar jurisdiction. *Id.* at 1163.  *Noel* discusses two situations in which *Rooker-Feldman* does not bar subject matter jurisdiction:

> If the federal plaintiff and the adverse party are simultaneously litigating the same or a similar dispute in state court, the federal suit may proceed under the long-standing rule permitting parallel state and federal litigation.  Or if the federal plaintiff and the adverse party have already litigated the state court suit to judgment, the federal plaintiff may be precluded from relitigating that dispute under the interjurisdictional preclusion rule of 28 U.S.C. § 1738.  In neither situation does *Rooker-Feldman* bar subject matter jurisdiction in federal district court, for in neither situation is the federal plaintiff complaining of legal injury caused by a state court judgment because of a legal error committed by the state court.  Rather, in both situations, the plaintiff is complaining of legal injury caused by the adverse party.

*Noel*, 341 F.3d at 1163-64 (internal citations omitted).  Post-*Noel*, in the Ninth Circuit, *Rooker-Feldman* "applies only when the federal plaintiff both asserts as her [or his] injury legal error or errors by the state court *and* seeks as her [or his] remedy relief from the state court judgment."  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

11

III.   <u>ANALYSIS</u>

Williamson's First Amended Complaint is thirty-nine pages long and contains detailed factual allegations and legal conclusions.  The length of the complaint, coupled with its disorganization, makes it difficult to determine which circumstances are alleged to have given rise to the numerous causes of action.[5]  In order to make sense of the complaint, the court first addresses Williamson's claims against the Family Court judges, then the federal and state law claims against the various Ashford & Wriston parties,[6] and then the remaining numbered Counts I through XIV.[7]

A.     <u>Construing Williamson's Complaint liberally, Williamson has failed to state a claim for which relief can be granted against the Family Court judges</u>

Williamson has again brought claims against four judges of the Family Court of the First Circuit Court of the State of Hawaii:  R. Mark Browning,

---

[5] The section containing numbered counts is preceded by other sections entitled "Deprivation of Rights," "Discrimination Prima Facie," "Conspiracy to Interfere With Civil Rights," "Causes of Action Generally," and "Causes of Action Specifically."  Each of these sections contains factual allegations and legal conclusions, which the court will construe liberally to assert claims in addition to those alleged in Williamson's numbered "Counts" portion of the complaint.

[6] Many of the allegations against Basco, McGivern and Ashford & Wriston, LLP are not clearly detailed in the counts, but facts and allegations regarding these defendants are interspersed throughout the First Amended Complaint.  The court will liberally construe Williamson's First Amended Complaint to allege these causes of action in addition to those listed in the section entitled "Counts."

[7] The complaint includes thirteen numbered counts in total; there is no Count XII.

Karen Radius, Allene Suemori, and Bode Uale.  These individuals are immune

from suit for actions taken in their judicial capacities.  *Pierson v. Ray*, 386 U.S.

547, 553-54 (1967) ("Few doctrines were more solidly established at common law

than the immunity of judges from liability for damages for acts committed within

their judicial jurisdiction . . . .  This immunity applies even when the judge is

accused of acting maliciously and corruptly[.]"); *Swift v. California*, 384 F.3d

1184, 1188 (9th Cir. 2004) ("It is well established that state judges are entitled to

absolute immunity for their judicial acts.").[8]

Williamson appears to argue that the Family Court judges have lost

their judicial immunity.  He alleges that the Family Court judges "acted in their

individual capacity and without personal jurisdiction."  Williamson's

Memorandum in Opposition at 6.  But Williamson has not alleged *any* facts

indicating that these judges acted in their individual capacities rather than in their

---

[8] This immunity applies to any requested injunctive or declaratory relief as well as any claim for damages.  *See* 42 U.S.C. § 1983; *see also Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1322-23 (M.D. Ala. 2004) ("Where a plaintiff does not allege and the record does not suggest that the judicial defendant violated a declaratory decree or that declaratory relief was unavailable, judicial immunity requires dismissal of claims against judicial officers for actions taken in their judicial capacity even when the claims seek prospective injunctive relief."); *Gilbert v. Ferry*, 298 F. Supp. 2d 606, 611 (E.D. Mich. 2003) ("By enacting the 1996 Federal Courts Improvement Act . . . , Congress has expanded the ambit of judicial immunity by amending § 1983 so as to prohibit injunctive relief against a judicial officer.").

official capacities.[9]  Williamson's First Amended Complaint sets forth no allegations to support his claim that the Family Court judges lacked personal jurisdiction over him.[10]  The First Amended Complaint, like the original complaint, fails to state a claim against the Family Court judges upon which relief can be granted.

Any attempt to amend the complaint against the Family Court judges would be futile.  *See In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002) (holding that "[l]eave to amend need not be granted when an amendment would be futile")*; Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 356 (9th Cir. 1996) (affirming the district court's denial of leave to amend "[b]ecause the proposed claim would be redundant and futile").  Williamson can prove no set of facts in support of the claim entitling him to relief in this instance

_____

[9]  Although Williamson sued the judges in their "individual capacity," his First Amended Complaint, even when construed liberally, alleges acts arising from actions taken by the judges solely in their judicial capacities.  All of Williamson's claims against the judges relate to the challenged Family Court proceedings.

[10]  At the September 18 hearing, Williamson acknowledged that he is a resident of Hawaii and that he attended the various Family Court proceedings, but he alleges that he was not allowed to testify.  The Family Court, therefore, had personal jurisdiction over Williamson because he was a party to the Family Court proceedings and was within the territorial boundaries of the court's jurisdiction.  *See Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 315 (1945) ("Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person.  Hence his [or her] presence within the territorial jurisdiction of court was prerequisite to its rendition of a judgment personally binding him [or her].); *see also In re Doe*, 99 Haw. 522, 541, 57 P.3d 447, 466 (2002) ("Because Father resided in Hawai'i and was present during this action, the court had personal jurisdiction over Father.").

and the deficiency could not be cured by the allegation of other facts.  *See Lopez v.*

*Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that leave to

amend should be granted unless the pleading could not be cured by the allegation

of other facts).

Therefore, Williamson's counts that specifically name the Family

Court judges, including Count IV ("Deliberate Indifference Abuse of Process By

the Defendant Judges") and Count VI ("Deliberate Indifference Abuse of Process

by Defendant Suemori") are DISMISSED without leave to amend.  All of

Williamson's remaining claims against the Family Court judges are DISMISSED

without leave to file an amended complaint as to the Family Court judges.  To be

clear, Williamson may not file an amended complaint against the Family Court

judges and any attempt to do so will be stricken.

B.     Construing Williamson's Complaint liberally, Williamson has failed to state
       a claim against Ashford & Wriston, LLP and the A&W Defendants

In addition to McGivern, Williamson names the law firm Ashford &

Wriston, LLP and various firm partners in his First Amended Complaint.

Williamson's ex-wife, Defendant Basco, was represented by Ashford & Wriston

partner McGivern during the Family Court proceedings, and Williamson seeks to

hold the law firm Ashford & Wriston, LLP and the named partners liable.

Williamson names Ashford & Wriston, LLP partners Paul S. Aoki, Kirk W.

15

Caldwell, Rosemary T. Fazio, Michael Gibson, Francis P. Hogan, Galen C. K. Leong, James K. Mee, Wayne Nasser, Mary Beth Wong, Robert Bruce Graham, Jr., Cuyler Shaw, Kevin W. Herring, and Aaron Shumway ("A&W Defendants") in the caption of the First Amended Complaint.  But he does not mention any of them anywhere else in the First Amended Complaint.[11]

Nowhere in the First Amended Complaint does Williamson state a claim upon which relief can be granted against Ashford & Wriston, LLP or the partners.  In its May 9, 2006 Order, the court dismissed Williamson's claims against Ashford & Wriston, LLP because Williamson did not set forth any facts to support his claims against the law firm.  As the court stated in the May 9, 2006 Order, the failure to provide *any* facts regarding the roles of these defendants leaves the First Amended Complaint facially deficient.  The court previously dismissed the claims against Ashford & Wriston, LLP with leave to amend.  Williamson was unable to cure this deficiency in his First Amended Complaint.  Therefore, Williamson's claims against Ashford & Wriston, LLP and the A&W Defendants are hereby DISMISSED without leave to file an amended complaint.

---

[11] None of the Ashford & Wriston partners is mentioned beyond the caption page of the First Amended Complaint, including in a section entitled "Parties to the Case" and in the specific counts.  This failure to provide any facts regarding the roles of these defendants leaves the First Amended Complaint facially deficient.

16

C.     Williamson's federal law claims against McGivern are dismissed

Although McGivern is not specifically mentioned in the counts in Williamson's First Amended Complain, Williamson does include facts and allegations concerning McGivern.  Reading the complaint liberally, Williamson appears to argue (1) that McGivern violated his constitutional rights by failing to serve him with a copy of the Family Court divorce decree in violation of § 1983; and (2) that McGivern conspired with Basco and/or Asato (a state employee) to violate his constitutional rights in violation of § 1985(3).  McGivern is entitled to dismissal as to each of these claims.

**1.     Williamson has failed to state a § 1983 claim against McGivern**

It appears that Williamson seeks to hold McGivern liable under § 1983 for conduct related to her representation of Defendant Basco in the Family Court proceedings.  Williamson alleges that "Lynne Jenkins McGivern acting under color[] of law deprived the Plaintiff of constitutional rights when she refused to provide the Plaintiff with proper service as mandated by law"; that "she refused to provide him with proper service, and perjured herself in court saying that she did not have the Plaintiff's address to justify depriving the Plaintiff['s] liberty interest in his natural children, property and proper service"; and that McGivern, "fully aware that Plaintiff had not received the required proper service of the divorce

17

decree and order[,] filed an ex parte motion to freeze the Plaintiff's money in his

bank account in a greater amount than would have been due to Defendant Basco

had the divorce decree and order and service of process been proper."  First

Amended Complaint, ¶¶11, 42, 44.

Williamson fails to state a § 1983 claim against McGivern.  To

maintain a § 1983 claim, Williamson must establish the following:  (1) that

McGivern violated a right of Williamson's secured by the Constitution and laws of

the United States; and (2) that McGivern committed the alleged deprivation while

acting under the color of state law.  *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th

Cir. 2003) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).  Neither of these

elements is present in this case.

### (a)    Due Process

Williamson apparently alleges a due processes violation, claiming that

McGivern failed to serve him timely with a copy of the Family Court divorce

decree.  Under Hawaii Family Court Rule 97, the attorney preparing an order must

mail the order to the other party at his or her last known address.  Proof of mailing

or delivery of the order must be made to the court, and failure to comply with this

rule may be considered grounds for relief from the judgement under Family Court

Rules 60(b)(3) or 60(b)(6).  Haw. Fam. Ct. R. 97.  If McGivern, as alleged, did not

18

comply with Family Court Rule 97, the rule itself provides Williamson with the process that is due.  Williamson should have sought relief from the judgement by filing a motion with the Family Court pursuant to Rule 60(b).

Due process presupposes that one claiming to be injured by violations of the law will be permitted "an opportunity to present its case and be heard in its support."  *Brinkerhoff-Faris Trust & Sav. Co. v. Hill*, 281 U.S. 673, 681 (1930).  But, assuming that an adequate opportunity to be heard is provided, as it was here, there is no constitutional obligation to "afford a litigant more than one full and fair opportunity to judicial resolution of the same issue."  *Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 328 (1971).  In this case, Family Court Rule 97 provided Williamson the process that was due; therefore, he cannot state a § 1983 claim against McGivern based on a due process violation.

### (b)   Under color of state law

McGivern was not acting under color of state law.  Williamson alleges that the "Defendant McGivern acted under color[] of state law when she refused to provide the Plaintiff with proper service because Hawaii Family Court Rules mandate[] that she act as the state's agent and because she acted as the conductor to facilitate the deprivation of the Plaintiff's constitutional rights under color[] of

19

state law."  First Amended Complaint, ¶56.  Williamson's allegation, however, is

not sufficient to establish that McGivern acted under color of state law.

        Defendant McGivern is not a state actor and did not act under color of

state law while representing Defendant Basco.  *See Simmons v. Sacramento County*

*Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that plaintiff cannot sue

opposing counsel under § 1983, "because he is a lawyer in private practice who

was not acting under color of state law" and "[p]laintiff's conclusory allegations

that the lawyer was conspiring with state officers to deprive him of due process are

insufficient"); *Briley v. California*, 564 F.2d 849, 855 (9th Cir. 1977) ("We have

repeatedly held that a privately-retained attorney does not act under color of state

law for purposes of actions brought under the Civil Rights Act.").  Williamson,

therefore, has failed to state a § 1983 claim against McGivern upon which relief

can be granted and any attempt to amend the complaint as to this claim would

clearly be futile.  Williamson can prove no set of facts in support of the claim

entitling him to relief in this instance and the deficiency could not be cured by the

allegation of other facts.  *See Lopez*, 203 F.3d at 1130-3 (holding that leave to

amend need not be granted if the pleading could not be cured by the allegation of

other facts).  Therefore, to the extent Williamson alleges a § 1983 violation based

on McGivern's alleged failure to serve him with a copy of the divorce decree, that claim is DISMISSED without leave to amend.

### 2.    Williamson has failed to state a claim under § 1985

Williamson alleges that McGivern and Basco conspired, either among themselves or in conjunction with state employees, to deprive Williamson of his constitutional rights in violation of § 1985(3).[12]  To maintain a claim of conspiracy between McGivern and the government, Williamson must show (1) an agreement or "meeting of the minds" by the defendants to violate his constitutional rights; (2) a causal relationship between the alleged acts done in furtherance of the "conspiracy" and his resulting injury; (3) a § 1983 deprivation of rights predicated on the same allegations; and (4) invidiously discriminatory, racial or class-based animus.  *Caldeira v. County of Kauai*, 866 F.2d 1175, 1181-82 (9th Cir. 1989).

Williamson has not plead facts sufficient to state a claim under § 1985.  He concludes that McGivern, Basco and/or Asato "conspired" to deprive him of constitutional rights, but does not set forth facts regarding (1) a "meeting of the minds" between McGivern, Basco and Asato; (2) a causal relationship between the alleged conspiracy and his resulting injury; (3) a § 1983 violation; and (4) an

---

[12] None of the numbered counts in the First Amended Complaint includes a claim for conspiracy.  Construing the complaint liberally, however, it appears that Williamson has included a claim for conspiracy in the section "Causes of Action Generally," and also in another section entitled "Conspiracy to Interfere with Civil Rights."

invidiously discriminatory purpose.  Williamson does allege racial discrimination

throughout the complaint, but does not allege that the conspiracy was invidiously

discriminatory, involving a racial or class-based animus, which is necessary to

state a claim under section 1985(3).  *Id.* at 1182.  Therefore, Williamson's § 1985

claim against McGivern is DISMISSED with leave to amend.

D.      Williamson's federal law claims against Basco are dismissed

        Williamson makes many of the same § 1983 and § 1985 claims

against Basco.  His § 1983 claim fails because Basco, like McGivern, was not

"acting under color of state law," as discussed *supra*.  Therefore, to the extent

Williamson alleges a § 1983 claim against Basco, that claim is DISMISSED

without leave to amend.

        To the extent that Williamson seeks to bring a § 1985 claim against

Basco, that claim also fails for lack of facts sufficient to state a claim upon which

relief can be granted.  Williamson has not plead facts sufficient to state a claim

under § 1985.  He concludes that Basco, McGivern and Asato "conspired" to

deprive him of constitutional rights, but does not set forth facts regarding (1) a

"meeting of the minds" between McGivern, Basco and Asato; (2) a causal

relationship between the alleged conspiracy and his resulting injury; (3) a § 1983

violation; and (4) an invidiously discriminatory, racial purpose.  *Caldeira*, 866

F.2d at 1181-82.  Therefore, to the extent Williamson alleges a § 1985 claim

against Basco,[13] that claim is DISMISSED with leave to amend.

E.      Construing Williamson's Complaint liberally, this court lacks jurisdiction to
        adjudicate parts of Count I (Williamson's claim for "Gross Negligence and
        Reckless Disregard for Duties Owed in Custody Proceedings")

            Count I of the Complaint alleges that the "Defendant State of Hawaii

has willfully committed gross negligence and reckless disregard of the various

basic and absolute duties owed towards the Plaintiff, and his related inherent

natural, legal, and constitutional rights to equal custody of the minor children[.]"

First Amended Complaint, ¶86.  Williamson alleges "that Defendant State of

Hawaii has willfully recklessly and negligently perpetuated and exacerbated the

entire situation . . . by usage of a restraining order illegally done ex parte to favor

default sole custody to Defendant Williamson [Basco]."  First Amended

Complaint, ¶98.

---

        [13] Although it is not perfectly clear, construing the First Amended Complaint liberally, it
appears that Williamson also seeks to hold Asato liable under § 1985, based on his conspiracy
allegations against McGivern and Basco.  To the extent Williamson alleges a § 1985 claim
against Asato, that claim fails because the First Amended Complaint does not set forth facts
regarding (1) a "meeting of the minds" between McGivern, Basco and Asato; (2) a causal
relationship between the alleged conspiracy and his resulting injury; (3) a § 1983 violation; and
(4) an invidiously discriminatory, racial purpose.  *Caldeira*, 866 F.2d at 1181-82.  Therefore, to
the extent Williamson alleges a § 1985 claim against Asato, that claim is DISMISSED with
leave to amend.

Read liberally, this claim is a frontal attack on the decisions rendered by the Family Court; Williamson asks this court to overturn the Family Court's custody determination in the underlying divorce, which he claims violated his various rights.  These claims are clearly barred by the *Rooker-Feldman* doctrine. *See supra* section II.B.3.

A review of Williamson's First Amended Complaint, like his original complaint, reveals it largely as a facial attack the Family Court determination.  His constitutional claims are "inextricably intertwined" with the prior state court decisions.  In the court's May 9, 2006 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, the court instructed Williamson that this court cannot and will not overturn the Family Court's judgment.  Therefore, to the extent it collaterally attacks the Family Court's judgment, Count I of Williamson's First Amended Complaint is DISMISSED without leave to amend.

F.    Construing Williamson's Complaint liberally, Williamson has failed to state a claim for damages upon which relief can be granted against the State Defendants in Count II ("Defrauding in Regards to Child Support")

In Count II, Williamson appears to allege violations of his constitutional rights; he also challenges the constitutionality of the Hawaii child

support system.[14]  To the extent that Williamson seeks damages, these claims are barred by the Eleventh Amendment.  To the extent that Williamson seeks prospective relief or a declaratory judgment regarding the constitutionality of the state child support system, those claims survive, as discussed *infra* sections III.O. and III.P.

The court finds that Hawaii has not waived its Eleventh Amendment immunity, that none of the federal statutes abrogates Hawaii's immunity, and that the State Defendants share in the state's immunity.  The Eleventh Amendment, therefore, bars all claims against the State Defendants, in their official capacities, to the extent that Williamson is seeking damages.

In Count II, Williamson alleges that the defendants have subjected him to "direct peonage, essentially creating a conspiracy of court-assisted enslavement of, and profiting against, one fit natural parent by the other, all in direct violation of the 13th Amendment" (First Amended Complaint, ¶116), and alleges violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.  To the extent that Williamson alleges that the State Defendants are liable for damages under 42 U.S.C. §§ 1983 and 1985, his claims are barred.

---

[14] Williamson's Complaint can be liberally construed to allege that the State Defendants are liable under 42 U.S.C. §§ 1981, 1983, 1985, and 2000d (Title VI) (Counts II, III, V, and VII).

Section 1983 imposes liability on state actors who deprive a person of his or her civil rights.  The Supreme Court has held that neither a state agency nor a state official is a "person" under § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 71 (1989).  The State Defendants, therefore, are not subject to liability under § 1983 even absent their Eleventh Amendment immunity.  Section 1985 prohibits conspiracies to deny anyone his or her civil rights.  Neither of these statutes abrogates the State's immunity.  *See Cerrato v. San Francisco Cmty. College Dist.*, 26 F.3d 968, 972, 975 (9th Cir. 1994) (holding that the Eleventh Amendment bars §§ 1983 and 1985 claims against the states).  Accordingly, Count II is DISMISSED, insofar as Williamson is seeking money damages, without leave to amend.

G.   Construing Williamson's Complaint liberally, Williamson has failed to state a claim upon which relief can be granted in Count III ("Deliberate Indifferent Abuse of Process by Defendant Basco")

In Count III, Williamson appears to allege state law claims against Basco, including abuse of process and fraud.  These claims are dismissed with leave to amend.

### 1.   Abuse of Process claim

In Count III, Williamson alleges Basco "willfully, wantonly, and with reckless disregard for the plaintiff used a legal process designated to provide safety

26

and security to women and children from abusive husband or mates and fathers to deprive the Plaintiff of constitutional rights."  First Amended Complaint, ¶125.[15]

The elements of the tort of abuse of process are "(1) an ulterior purpose and (2) a wilful act in the use of the process which is not proper in the regular conduct of the proceeding.  Liability for abuse of process is imposed when the putative tortfeasor uses legal process 'primarily' for an ulterior motive." *Chung v. McCabe Hamilton & Renny Co., Ltd.*, 109 Haw. 520, 529, 128 P.3d 833, 842 (2006) (citations and quotation signals omitted).

To the extent Williamson brings an abuse of process claim, he has not alleged sufficient facts to state a claim.  Williamson has not alleged any facts related to Basco's ulterior purpose or motive.  Therefore, Williamson has failed to state a claim for abuse of process upon which relief can be granted.

## 2.    Fraud claim

Williamson also alleges in Count III:  "Defendant Basco willfully, wantonly, and with reckless disregard for the Plaintiff filed fraudulent allegations of child and spouse abuse against the Plaintiff to gain access to state authority under colors of law, to deprive the Plaintiff [of his] liberty interest in his natural

---

[15] To the extent Williamson alleges a claim against Basco for deprivation of constitutional rights pursuant to § 1983, the claim fails because Basco was not acting under color of state law.  *See supra* section III.D.

children and property in the form of child support and expenses, of his worldly

possessions, and liberty in pursuit of happiness."  First Amended Complaint, ¶126.

To the extent that Williamson alleges fraud by Basco, there are no

facts in support of the claim.  Instead, Williamson simply concludes that Basco

"filed fraudulent allegations of child and spouse abuse against the Plaintiff."  Bare

allegations of fraudulent filings are not sufficient to state a claim for fraud or abuse

of process; Williamson must set forth facts to support his conclusory allegation of

fraud.[16]  Williamson has not plead facts sufficient to state a claim upon which relief

can be granted in Count III.  Therefore, Count III of Williamson's Complaint is

DISMISSED with leave to file an amended complaint.

H.  <u>Construing Williamson's Complaint liberally, Williamson has failed to state
    a claim upon which relief can be granted in Count V ("Deliberate Indifferent
    Abuse of Process by Defendant Asato")</u>

Williamson alleges that "Defendant Asato, acting in his individual

capacity under color[] of state law, willfully, wantonly, and with reckless disregard

for the Plaintiff having no evidence to substantiate his findings decreed the

---

[16] As Defendant Basco notes, Federal Rule of Civil Procedure 9(b) requires the circumstances constituting fraud be stated with particularity.  Rule 9(b) requires that the circumstances constituting the alleged fraud "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citation and quotation signals omitted).  Specifically, allegations of fraud "must be accompanied by the who, what, when, where, and how of the misconduct charged."  *Id.* (Internal citation and quotation signals omitted.)

Plaintiff an abuser, knowing that the Plaintiff would be deprived [of his] liberty interest in his children and property, without due process or equal protection of the law."  First Amended Complaint, ¶133.

As discussed below, to the extent Williamson alleges a state tort law "abuse of process" claim or alleges a § 1983 violation seeking damages against Asato in his individual capacity, those claims are barred because Asato is entitled to immunity.  To the extent Williamson again seeks to collaterally attack the Family Court's custody determination by attacking Asato's role therein, those claims are barred by *Rooker-Feldman*.

### 1.    HRS § 350-3 bars the abuse of process claim

Asato is entitled to immunity from the state law abuse of process claim because of his participation in the Family Court proceedings under HRS § 350-3.  The statute provides that "[a]ny individual who assumes a duty or responsibility pursuant to section 350-2 [entitled "Action on reporting"] or chapter 587 ["Child Protective Act"] shall have immunity from civil liability for acts or omissions performed within the scope of the individual's duty or responsibility." HRS § 350-3(b).

This statutory immunity bars the state law abuse of process claim against Asato.  Williamson has not alleged that Asato performed any acts outside

29

of the scope of his duty or responsibility so as to lose the immunity granted by

HRS § 350-3.[17]  Therefore, Williamson does not a state claim against Asato for

abuse of process upon which relief can be granted.  To the extent he alleges an

abuse of process claim, Count V of Williamson's Complaint is DISMISSED with

leave to amend.

> **2.    Asato is immune from § 1983 claims, in his individual
> capacity, when performing functions critical to the judicial
> process**

Although Williamson may properly bring a § 1983 claim for damages

against Asato in his individual capacity, as a state official and CPS employee,

Asato is entitled to either absolute or qualified immunity.  The Ninth Circuit, in

*Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003) (en banc), held "that some

submissions to the court by social workers are functionally similar to the conduct

recognized at common law to be protected by absolute prosecutorial immunity."

*See also Doe v. Lebbos*, 348 F.3d 820, 825 (9th Cir. 2003) ("State actors, including

social workers, who perform functions that are 'critical to the judicial process

itself' are entitled to absolute immunity."  (Quoting *Miller,* 335 F.3d at 896.)).

---

[17] In fact, although not perfectly clear, it appears that the allegations center on acts
squarely within the scope of Asato's duty.  Any attempt to amend the complaint on this charge
must be clear as to what Asato did that was outside the scope of his duty.

To determine whether social workers are entitled to absolute immunity, the court applies a functional analysis; that is, "we look at the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons,* 509 U.S. 259, 269 (1993). For instance, a "decision to institute proceedings to make a child a ward of the state is functionally similar to the prosecutorial institution of a criminal proceeding. The decision, therefore, is likely entitled to absolute immunity." *Miller,* 335 F.3d at 898. "To the extent, however, that social workers also make discretionary decisions and recommendations that are not functionally similar to prosecutorial or judicial decisions, only qualified, not absolute immunity, is available." *Id.*[18]

Here, the precise function that Asato performed that allegedly gives rise to liability is not clear from the First Amended Complaint, but it appears quasi-judicial in nature. Williamson's allegations against Asato arise out of Asato's report and findings that "decreed the Plaintiff an abuser," during the Family Court proceedings. First Amended Complaint, ¶133. It appears that Basco filed a pre-

---

[18] Qualified immunity protects government officials from liability under § 1983 so long as the conduct of the official "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To evaluate claims of qualified immunity, it is necessary to determine whether the plaintiff has alleged the deprivation of an actual constitutional right and then determine whether that right was "clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (citation and quotation signals omitted).

divorce decree motion for temporary legal and physical custody of the couple's

children and that the Family Court terminated Williamson's parental rights based

on Asato's findings.[19]  First Amended Complaint, ¶¶31, 32.

Decreeing Williamson an abuser appears to be a function that is

"critical to the judicial process itself."  *Miller,* 335 F.3d at 896.  Asato's finding

that Williamson was an abuser is therefore entitled to absolute immunity.

Williamson has failed to state a § 1983 claim against Asato upon which relief can

be granted.  To the extent it alleges a § 1983 violation, Count V of Williamson's

Complaint is DISMISSED with leave to amend.

### 3.    *Rooker-Feldman*

Williamson alleges that "Asato made his finding without ever

interviewing or speaking to the Plaintiff and he refused to return the Plaintiff's

telephone calls."  First Amended Complaint, ¶34.  He further alleges that

"Defendant Asato did not attempt to make a determination by clear and convincing

evidence during his investigation or findings of fact and conclusion of law as

mandated by *Santosky v. Kramer*, 45 U.S. 745 (1982), . . . nor did he attempt to

---

[19] Williamson also alleges that the "Defendant Director of the Hawaii state Human Services Child Protective Services sent the Plaintiff a copy of the Defendant Asato's finding that Plaintiff was a threat of harm and a threat of psychological harm," and Williamson "appealed the findings of the Defendant Director," and that "Defendant Asato lied during the hearing and said that he interviewed the Plaintiff, but recanted the statement under cross-examination."  First Amended Complaint, ¶¶33, 37, 38.

apply any standard at all in his finding, nor did he recognize that the plaintiff had rights as a free man." First Amended Complaint, ¶35. In other words, Williamson again attacks the Family Court custody proceedings.

As discussed *supra* and in the court's May 9, 2006 Order, this court cannot and will not overturn the Family Court's judgment. To the extent Williamson again seeks to collaterally attack the Family Court's custody determination by attacking Asato's role, those claims are barred by *Rooker-Feldman*. Therefore, to the extent it challenges the Family Court judgment, Count V of Williamson's Complaint is DISMISSED without leave to amend.

In sum, Count V is dismissed with leave to amend to the extent it alleges a state law abuse of process claim and a § 1983 claim against Asato in his individual capacity. However, to the extent Williamson again attacks the Family Court judgment by challenging Asato's findings, Count V is dismissed without leave to amend.

I.   Construing Williamson's Complaint liberally, Williamson has failed to state a claim upon which relief can be granted in Count VII ("Deliberate Indifference to Deprive the Plaintiff of Constitutional Rights")

In Count VII, Williamson alleges: "Defendant Attorney General Child Support Enforcement Agency, Defendant Bennett, Defendant Enoki, and unnamed Agents acting in their official capacity deprived the Plaintiff due process

of the law and equal protection of the law when they took the Plaintiff's property before the Plaintiff was served with the divorce decree and order."  First Amended Complaint, ¶137.

State officials, like Bennett and Enoki, "sued in their individual capacities are 'persons' for purposes of § 1983."  *Hafer v. Melo*, 502 U.S. 21, 23 (1991).  *Hafer* rejected the view that state officials may not be held liable in their personal capacity for actions they take in their official capacities.  *Id.* at 27.  In order "to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Williamson does not, however, state a § 1983 claim against these individual capacity defendants because they did not cause the deprivation of a federal right.  Although Williamson concludes that Bennett, Enoki and unnamed agents violated his constitutional right to due process, he does not allege facts sufficient to state a due process violation claim.

Williamson appears to allege that his wages were garnished to satisfy child support obligations before he received a copy of the final divorce decree in

the Family Court proceedings.[20]  Williamson's wages were garnished after the

Family Court entered its final divorce decree.  Post-order garnishment, before

Williamson received the divorce decree and order, does not violate due process.

*See*, *e.g., Betts v. Coltes,* 467 F. Supp. 544, 546 (D. Haw. 1979) (holding that

Hawaii garnishment law "passes federal Constitutional tests for procedural due

process insofar as it permits the post-judgment garnishment of wages without prior

notice or hearing accorded to the judgment debtor").  State garnishment laws that

comport with the procedural requirements of the due process clause are not

otherwise unconstitutional.  *See, e.g., Duranceau v. Wallace*, 743 F.2d 709, 714

(9th Cir. 1984) (upholding constitutionality of Washington's child support

garnishment statute); *Augustine v. McDonald*, 770 F.2d 1442, 1445 (9th Cir. 1985)

(holding that garnishment statutes are generally constitutional).

Furthermore, Williamson alleges only that he did not receive the

divorce decree; he does not allege that his wages were garnished without any

notice whatsoever.[21]  Therefore, Williamson fails to state a claim upon which relief

can be granted.

---

[20] Williamson acknowledged at the September 18 hearing that a lawful child support order had been entered by the Family Court.

[21] Williamson received notice of the post-order garnishment:  at the hearing, Williamson explained that he received letters regarding the garnishment with Enoki's name on the letterhead.

35

The court concludes that granting Williamson leave to amend would be futile with respect to his allegations regarding the post-judgement garnishment of his wages.  Accordingly, Count VII of Williamson's Complaint is DISMISSED without leave to amend.

J.   <u>Construing Williamson's Complaint liberally, Williamson has failed to state a claim upon which relief can be granted in Counts VIII and IX ("Deliberate Indifference to Intentionally Inflict Emotional Distress" and "Gross Negligence of Emotional Distress")</u>

Williamson's claims for "Deliberate Indifference to Intentionally Inflict Emotional Distress" (Count VIII) and "Gross Negligence of Emotional Distress" (IX) do not appear to be cognizable legal theories.  Neither of these claims has been recognized by Hawaii courts, and to the court's knowledge, other jurisdictions have not recognized them as causes of action.  To the extent that Williamson is alleging claims for both intentional and negligent infliction of emotional distress, those claims are addressed in the next section.  Therefore, Counts VIII and IX of Williamson's Complaint are DISMISSED without leave to amend.

///

///

///

///

36

K.   <u>Construing Williamson's Complaint liberally, Williamson has failed to state a claim upon which relief can be granted in Counts X and XI ("Intentional Infliction of Emotional Distress" and "Negligent Infliction of Emotional Distress")</u>

Williamson alleges that as a result of "the Defendants' et al actions the Plaintiff suffers from severe emotional distress."  First Amended Complaint, ¶142.[22]  To the extent these claims are made against the State Defendants in their official capacities, they are barred by the Eleventh Amendment.

**1.  Intentional Infliction of Emotional Distress**

According to the Hawaii Supreme Court, "the elements of the tort of intentional infliction of emotional distress are 1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme emotional distress to another."  *Hac v. Univ. of Haw.*, 102 Haw. 92, 106-07, 73 P.3d 46, 60-61 (2003).  "The term 'outrageous' has been construed to mean 'without just cause or excuse and beyond all bounds of decency.'  Moreover, 'extreme emotional distress' constitutes, inter alia, mental suffering, mental anguish, nervous shock, and other 'highly unpleasant mental reactions.'"  *Enoka v. AIG Haw. Ins. Co., Inc.*, 109 Haw. 537, 559, 128 P.3d 850, 872 (2006) (citations omitted).

---

[22] In both Counts X and XI, Williamson broadly asserts that "[a]ll Defendants are encompassed under this heading pursuant to the facts set forth above."  First Amended Complaint, ¶¶144, 146.

Construing Williamson's claims liberally, it appears he has alleged some facts that address a claim for Intentional Infliction of Emotional Distress ("IIED").  None of the facts alleged against the various defendants, however, is sufficient state a claim for IIED under Hawaii law.

Williamson claims that "Defendant Basco willfully, wantonly, and with reckless disregard for the Plaintiff filed fraudulent allegations of child and spouse abuse against the Plaintiff to gain access to state authority under colors of law," and that "Defendant Basco and Defendant McGivern were well aware that the family court Defendant Judges would treat the Plaintiff with deliberate indifference if he was accused of being a child and spouse abuser due to his color and race."  First Amended Complaint, ¶¶126, 139.  Williamson appears to allege that Basco and Williamson intentionally committed an act (filing claims of abuse) that caused Williamson to suffer emotional distress.  These facts are not sufficient to state a claim against Basco or McGivern for IIED.  Williamson does not allege that the intentional act (filing abuse claims) was "outrageous," nor does he present facts to indicate he suffered "extreme emotional distress" as a result of the intentional act.  Williamson's conclusory allegations are not sufficient to state a claim for IIED.  Therefore, Count X of Williamson's First Amended Complaint is DISMISSED with leave to amend.

## 2.    Negligent Infliction of Emotional Distress

To maintain his claim for negligent infliction of emotional distress

("NIED") under Hawaii law, Williamson must demonstrate:  (1) that defendants

engaged in negligent conduct; (2) that Williamson suffered serious emotional

distress; and (3) that such negligent conduct of defendants was a legal cause of the

serious emotional distress.  *Mukaida v. Hawaii*, 159 F. Supp. 2d 1211, 1239 (D.

Haw. 2001).  A cognizable claim for negligent infliction of emotional distress

under Hawaii law also requires a physical injury to either a person or property.  *Id.*;

*Calleon v. Miyagi*, 76 Haw. 310, 320, 876 P.2d 1278, 1288 (1994).  If a negligent

infliction of emotional distress claim is premised on an injury solely to property or

material objects, a plaintiff would also have to show a resulting physical injury or a

mental illness.  *Mukaida*, 159 F. Supp. 2d at 1239 n.21 (citing HRS § 663-8.9).

Williamson has not alleged physical injury to his person, nor has he

set forth any facts that demonstrate a resulting physical injury or mental illness.

Williamson has alleged only that he "suffers from severe emotional stress."  First

Amended Complaint, ¶142.  He does not, however, provide any other facts

necessary to his claim.  At best, Williamson makes conclusory allegations of

defendants' "gross negligence," without establishing any of the elements necessary

to sustain the claim.  Williamson has not plead facts sufficient to state a claim for

NIED.  Therefore, Count XI of Williamson's First Amended Complaint is

DISMISSED with leave to amend.

L.      <u>Construing Williamson's Complaint liberally, Williamson has failed to state
        a claim upon which relief can be granted in Count XIII ("Deliberate
        Indifference Law By the State of Hawaii That Deprives Citizens of
        Constitutional Rights Without Due Process of Law")</u>

`            In Count XIII, Williamson alleges that "Hawaii state law deprives

citizens of constitutional rights without cause and without due process or equal

treatment of the law."  First Amended Complaint, ¶148.  To the extent Williamson

alleges a § 1983 violation, the claim is barred by the Eleventh Amendment.  To the

extent Williamson seeks prospective relief, the court, reading the First Amended

Complaint liberally, concludes that he has stated two claims (as discussed in

sections III.O. and III.P., below).

M.      <u>Count XIV is Dismissed ("Deliberate Indifference Honolulu Police
        Department That Deprives Citizens of Constitutional Rights Without Due
        Process of Law ")</u>

            The Honolulu Police Department ("HPD") is not a party to this case.

Williamson does not list the HPD in the caption to his First Amended Complaint,

nor has the HPD been served with a copy of the complaint.  Therefore, Count XIV

is DISMISSED with leave to amend.

N.    Williamson's various other claims are Dismissed

Williamson alleges other constitutional and statutory violations randomly throughout the First Amended Complaint.  To the extent the court has not already addressed Williamson's § 1986, § 2000d (Title VI), and various other Constitutional claims, those claims are dismissed.  Williamson has not plead facts sufficient to state claims upon which relief can be granted for any of these residuary allegations.  Therefore, Williamson's various other claims not specifically addressed in this Order are DISMISSED.

O.    Williamson has stated two claims (within Counts I and II) that survive the Defendants' motions

Williamson's First Amended Complaint, liberally construed, may be read to set forth two claims for declaratory relief in Counts I and II.  Although Williamson does not specifically request declarations that the challenged actions or policies are unconstitutional, he does request "various and appropriate remedial actions," which can be read liberally to seek all available remedies, including a declaratory judgment.  At the September 18, 2006 hearing, Williamson explained that, as in his original complaint, he still seeks prospective relief in the form of a declaratory judgment in his First Amended Complaint.

Count I of Williamson's complaint can be construed as seeking a declaratory judgment that separated parents are constitutionally entitled to shared

custody of their children.  Count II of Williamson's Complaint can be read

liberally as asking for a declaratory judgment that the State's decision to base child

support payments on the parent's income is unconstitutional.  He argues that these

state laws are unconstitutional because parents have a fundamental right to parent

their children (and thus to spend as much or as little on their children as they wish,

absent clear and convincing proof of demonstrable harm); he further argues that

child support orders violate the Thirteenth Amendment to the United States

Constitution because these orders enslave non-custodial parents by forcing them to

work.

The State Defendants contend that the *Rooker-Feldman* doctrine and

domestic relations abstention doctrine bar all of Williamson's claims.  These

doctrines do not bar Williamson's two claims for declaratory relief.  *See*, *e.g.*,

*Marshall v. Marshall*, 126 S. Ct. 1735, 1741, 1744-46 (2006) (discussing the

domestic relations and probate limitations on federal jurisdiction); *Exxon Mobil*

*Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) (discussing the *Rooker-*

*Feldman* doctrine); *Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003) (same).

Consequently, the court DENIES the Defendants' motion to dismiss

as to the claims for declaratory relief set forth in Counts I and II.  To the extent that

Counts I and II of Williamson's First Amended Complaint attempt to set forth

claims in addition to those claims for declaratory relief set forth above, those

claims are DISMISSED as discussed *supra*.

P.     Williamson is granted leave to file an amended complaint that complies with
       Rule 8(a)

Williamson may file an amended complaint with regard to his state

law claims (for IIED, NIED, abuse of process and fraud); his § 1983 claim against

Defendant Asato in his individual capacity; his § 1985(3) claims against

McGivern, Basco and Asato; and his claims against the Honolulu Police

Department.  To be clear, Williamson may not file an amended complaint naming

the Family Court judges, Ashford & Wriston, LLP or the individual Ashford &

Wriston partners and any attempt to do so will be stricken.

If he chooses to file a second amended complaint, Williamson must

comply with Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) requires

that a complaint include "a short and plain statement of the claim showing that the

pleader is entitled to relief."  The First Amended Complaint, like the original

complaint, is very confusing, making it difficult for the court to determine just

what circumstances were supposed to have given rise to the various causes of

action.

Any amended complaint must clearly state which factual allegations

relate to each specific cause of action.  The amended complaint must also specify

43

the relief being sought.  To be clear, Williamson must set forth facts sufficient to state a claim in a manner that permits the court to understand which facts are relevant to each particular claim.  The court has already granted Williamson leave to amend once in this case, but the court will not continually permit Williamson to amend his complaint.

## IV.  CONCLUSION

For the reasons stated above, Williamson's Complaint is DISMISSED as to all Defendants except for the State of Hawaii.  All claims against the State of Hawaii are DISMISSED except the claims for declaratory relief set forth in Counts I and II of Williamson's Complaint.

In sum, the court rules as follows:  (1) Williamson's claims against the various State of Hawaii judges are DISMISSED without leave to amend; (2) Williamson's claims against Ashford & Wriston, LLP and the Ashford & Wriston partners are DISMISSED without leave to amend; (3) Williamson's § 1983 claims against Defendants Basco and McGivern are DISMISSED without leave to amend; (4) Williamson's § 1985 claims against Defendants Basco, McGivern and Asato are DISMISSED with leave to amend; (5) Williamson's counts seeking damages for the state law claims of abuse of process, fraud, negligent infliction of emotional distress and intentional infliction of emotional

distress are DISMISSED with leave to amend; (6) Williamson's federal claims for damages against Asato in his individual capacity are DISMISSED with leave to amend; (7) Williamson's claims against the Honolulu Police Department are DISMISSED with leave to amend; and (8) Williamson's federal claims for damages against Defendants Bennett and Enoki in their individual capacities are DISMISSED without leave to amend.

The court GRANTS Williamson leave to amend his complaint. Williamson may file a second amended complaint no later than November 13, 2006; if Williamson does not file an amended complaint by that date, his case will be automatically dismissed as to all Defendants except for the State of Hawaii.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 6, 2006.



_J. Michael Seabright_
_United States District Judge_

_Williamson v. Basco et al._, Civil No. 06-00012 JMS/LEK; Order Granting in Part and Denying in Part Defendants' Motions to Dismiss