IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| CALVERT WILLIAMSON, | ) | CIVIL NO. 06-00012 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EFLEDA SALOME BASCO, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **ORDER AWARDING ATTORNEY'S FEES AND COSTS**

On June 6, 2007, pro se Plaintiff Calvert A. Williamson ("Plaintiff") filed his Motion for Sanctions Under Rule 11 ("Rule 11 Motion"). On August 21, 2007, this Court issued an order denying the Rule 11 Motion and ruling that Defendants Efleda Salome Basco and Lynne Jenkins McGivern (collectively "Defendants") were entitled to attorney's fees and expenses incurred in opposing the Rule 11 Motion because Plaintiff failed to comply with the procedural requirements of Federal Rule of Civil Procedure 11 and because the Rule 11 Motion was substantively without merit. On September 14, 2007, Defendants filed their Memorandum in Support of Defendants' Attorneys' Fees and Costs Incurred Opposing Plaintiff's Motion for Sanctions Under Rule 11 ("Fees Memorandum"), requesting $860.21 in attorney's fees.[1] Plaintiff did not file an opposition. After

---

[1] Defendants stated that they are not seeking reimbursement
(continued...)

reviewing Defendants' submission, and based on this Court's familiarity with the case, the Court awards Defendants $776.96 in attorney's fees.

## DISCUSSION

Based upon this Court's August 21, 2007 order, there is no need to determine whether Defendants are entitled to said fees.  Accord Fed. R. Civ. P. 11(c)(1)(A) (2007) ("If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.").

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

---

[1](...continued)
for expenses because they only incurred minimal copying costs in defending against the Rule 11 Motion.  [Fees Memorandum at 5.]

>The factors the Ninth Circuit articulated in Kerr are:
>
>(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Defendants request the following lodestar amount for work they contend is compensable under the terms of this Court's order:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Miranda Tsai | 5.3[2] | $155 | $821.50 |
| | State Excise Tax of 4.712%[2] | | $ 38.71 |
| | TOTAL REQUESTED LODESTAR | | $860.21 |

[Fees Memorandum, Exh. 1 to Aff. of Counsel.]  Ms. Tsai graduated from law school in 2004 and was admitted to the Hawaii bar in 2005.  She is also licensed in California.  She is an associate at Ashford & Wriston.  [Fees Memorandum, Aff. of Counsel at ¶ 8.]

### A.   Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in

---

[2] The Court notes that the Affidavit of Counsel states that Defendants' counsel spent 5.4 hours opposing the Rule 11 Motion, for a total of $876.48 in attorney's fees, and 1.1 hours preparing the Fees Memorandum, for a total of $178.54 in attorney's fees.  [Fees Memorandum, Aff. of Counsel at ¶¶ 9-10.] The Court will disregard this portion of the affidavit because it does not coincide with the Fees Memorandum and the supporting documentation.

[2] Although the Fees Memorandum states that counsel charged state excise tax of 4.7166%, [Fees Memorandum at 3,] based on the supporting documentation, it appears that counsel actually charged 4.712%.

the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Defendants submitted a chart from the 2006 edition of the Pacific Business News as evidence of the range of hourly rates for partners and associates in Hawaii law firms. [Fees Memorandum, Exh. 2 to Aff. of Counsel.]  Defendants state that the requested fees are within these ranges.  [Fees Memorandum at 4.]  In addition, this Court is well aware of the prevailing rates in the community.

Based on this Court's knowledge of the prevailing rates in the community and the submissions in this case, this Court finds that the requested hourly rate of $155 for Ms. Tsai is unreasonable.  A reasonable hourly rate for an associate with Ms. Tsai's experience is $140.

**B.    Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees

and costs were self-imposed and avoidable. See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Defendants' counsel spent 4.2 hours responding to the Rule 11 Motion and 1.1 hours preparing the Fees Memorandum.  The Court finds these hours to be manifestly reasonable.

### C. Total Lodestar Award

Based on the foregoing, this Court finds that Defendants have established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Miranda Tsai | 5.3 | $140 | $742.00 |
| | State Excise Tax of 4.7166% | | $ 34.96 |
| | **TOTAL LODESTAR AWARD** | | **$776.96** |

The Court declines to adjust this amount based on the Kerr factors.

### CONCLUSION

On the basis of the foregoing, this Court awards

Defendants $776.96 in attorney's fees.  The Court orders Plaintiff to pay this amount to Defendants' counsel by no later than **April 15, 2008**.

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAII, April 1, 2008.



        /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**CALVERT A. WILLIAMSON V. EFLEDA SALOME BASCO, ET AL; CIVIL NO. 06-00612 JMS-LEK; ORDER AWARDING ATTORNEY'S FEES AND COSTS**